IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | |
|---|---|
| KATARINA RENEE KERR DAVIS and DARREL WAYNE KERR<br>    Plaintiffs,<br><br>VS<br><br>SYDNEY MURPHY and NORMA SUE GASTON COWARD<br>    Defendants. | §<br>§<br>§<br>§<br>§   CIVIL NO. 9:24-CV-15-MJT-CLS<br>§<br>§<br>§<br>§ |

**REPORT AND RECOMMENDATION ON THE DISMISSAL
OF PLAINTIFFS' CLAIMS FOR LACK OF SUBJECT MATTER JURISDICTION**

Pursuant to 28 U.S.C. § 636 and the Local Rules of Court for the Assignment of Duties to United States Magistrate Judges, the district court referred this proceeding to the undersigned magistrate judge to conduct all pretrial proceedings, to enter findings of fact and recommend disposition on case-dispositive matters, and to determine non-dispositive matters. *See* 28 U.S.C. § 636(b)(1); E.D. TEX. LOC. R. CV-72.

**I.    Background and Plaintiffs' Claims**

On January 19, 2024, Plaintiffs, proceeding *pro se* and *in forma pauperis*, filed this suit alleging Defendants had violated their constitutional rights by taking their land "without a lawful agreement." (Doc. #1 at 5.) Plaintiffs sought injunctive relief and compensatory damages. (*Id.*) On January 24, 2024, the undersigned ordered Plaintiffs to file an amended complaint responding to questions from the court and containing a more detailed factual discussion of their claims. (Doc. #5.) Plaintiffs complied and filed an amended complaint on February 6, 2024, but the specifics of the alleged taking of property remained unclear. (Doc. #8.)

The pleadings suggest Plaintiffs and Defendant Coward are related and allegedly all have some ownership interest in a family property at 215 Frank Drive in Livingston, Texas ("the

Property"). (*Id.*) Plaintiffs allege that Defendant Coward, as power of attorney for her late mother Edna Gaston, signed some agreement with Defendant Polk County to establish an easement for a road over a portion of the Property, and that this agreement is invalid as Edna Gaston did not have the authority to enter into the agreement. (*Id.*) Defendant Polk County[1] filed an answer claiming sovereign immunity, and Defendant Coward did not answer. Accordingly, the undersigned held an evidentiary hearing on April 15, 2024, to determine (1) if the court had proper subject matter jurisdiction over Plaintiffs' claims, and (2) whether an injunction was appropriate remedy at his time.

## II.    Legal Standard

The court has "an affirmative duty to examine *sua sponte* the basis for subject matter jurisdiction." *Jeuudah v. Hous. Police Dep't*, No. 4:22-CV-3545, 2023 WL 4188342, at *2 (S.D. Tex. Apr. 5, 2023), *R&R adopted*, No. 4:22-CV-03545, 2023 WL 4190540 (S.D. Tex. June 26, 2023); *see* FED. R. CIV. P. 12(h)(3); *Union Planters Bank Nat'l Ass'n v. Salih*, 369 F.3d 457, 460 (5th Cir. 2004); *Williams v. Bexar Cnty. Dist. Att'y's Off.*, No. SA-22-CV-00257-JKP, 2022 WL 2873466, at *2 (W.D. Tex. July 21, 2022) (quoting *Giannakos v. M/V Bravo Trader*, 762 F.2d 1295, 1297 (5th Cir. 1985)) ("Federal courts have the responsibility to consider the question of subject matter jurisdiction *sua sponte* if it is not raised by the parties and to dismiss any action if such jurisdiction is lacking.").

Federal courts are "courts of limited subject matter jurisdiction." *Perez v. McCreary, Veselka, Bragg & Allen, P.C.*, 45 F.4th 816, 821 (5th Cir 2022). Article III of the U.S. Constitution limits the authority of federal courts to "live cases and controversies." *Yarls v.*

---

[1] Plaintiffs sued Polk County Judge Sydney Murphy in her official capacity, which is another way of pleading a suit against Polk County. *See generally Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 n55 (1978).

2

*Bunton*, 905 F.3d 905, 912 (5th Cir. 2018); *see* U.S. CONST. art. III, § 2, cl. 1; *Freedom From Religion Found., Inc. v. Abbott*, 58 F.4th 824, 831-32 (5th Cir. 2023). There is no live case or controversy when a plaintiff does not have standing to bring a claim. *Perez*, 45 F.4th at 821. To have standing, a plaintiff must, for each claim, "show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *Id.* (quoting *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203 (2021) (quotation omitted)).

### III. Discussion

At the April 15, 2024, hearing and on the record, Defendant Polk County stated that there was no easement agreement between the County and the late Edna Gaston, and that it has abandoned any immediate plans to build a road on the Property after Plaintiff Davis-Kerr brought its attention to the fact that the Property's ownership was in dispute. On the record, Plaintiffs and Defendant Coward agreed with Defendant Polk County that there was no easement agreement,[2] nor any plans for Polk County to take the Property at this time. There is, therefore, no ripe takings claim, and the undersigned recommends dismissing the claim for lack of standing.

To the extent *pro se* Plaintiffs raised state law claims about title to the Property, these claims should be dismissed for lack of subject matter jurisdiction. There is no diversity jurisdiction here as all parties are Texas residents. 28 U.S.C. §1332. As the undersigned recommends dismissing Plaintiffs' takings claim, the court has discretion to dismiss Plaintiffs' state law claims. After the anchor claims are dismissed, the general rule in the Fifth Circuit is

---

[2] As the undersigned noted on the record at the April 15, 2024, hearing, if there was a formal easement agreement, disputes over the validity of that agreement sounds in state contract and property law, not the Takings Clause. *See generally Preston Hollow Cap., L.L.C. v. Cottonwood Dev. Corp.*, 23 F.4th 550 (5th Cir. 2022) (Ho, J.) (holding a plaintiff could not bring a takings claim against a municipality when the municipality was acting in a "contractual or proprietary capacity").

for the court to dismiss claims based on supplemental jurisdiction. *Enochs v. Lampasas Cnty.*, 641 F.3d 155, 161 (5th Cir. 2011); *Carney v. New Orleans City*, 468 F. Supp. 3d 751, 768 (E.D. La. 2020). The undersigned finds no reason to depart from this general rule.

## IV.     Conclusion and Recommendation

Plaintiffs' takings claim is not ripe and should, therefore, be **DISMISSED** *sua sponte* without prejudice for lack of subject matter jurisdiction. Plaintiffs' claims under state should also be **DISMISSED** *sua sponte* for lack of subject matter jurisdiction. As there are no remaining claims, the court should enter a final judgment of dismissal without prejudice.

## V.     Objections

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Without leave of court, **objections are limited to eight (8) pages**. E.D. TEX. LOC. R. CV-72(c).

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on*

*other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this the 16th day of April, 2024.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE